**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
NARCISO ANTONIO HUECA, et al.,

                    Plaintiffs,

   - against -

THE HOME DEPOT, INC., et al.,

                    Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-5831 (ADS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Plaintiffs Narciso Antonio Hueca and Elsie Hueca (collectively "the Huecas") filed this personal injury action against defendants The Home Depot, Inc. and The Home Depot USA, Inc. (collectively "Home Depot") in the Supreme Court of the State of New York, County of Nassau, on October 25, 2005. *See* Notice of Removal ("Notice") ¶ 2. On December 14, 2005, Home Depot filed a notice of removal pursuant to 28 U.S.C. § 1446 seeking to remove the case to this court. For the reasons set forth below, I find that Home Depot has not satisfied its burden of establishing that this court has original jurisdiction, and in particular has failed sufficiently to demonstrate that the amount in controversy exceeds $75,000. I therefore order the action summarily remanded to the state court in which it was filed.

      A.    <u>Removal Procedures Generally</u>

      A defendant may remove from state court to federal court any civil action of which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Upon such removal, the federal court in which the notice is filed must "promptly" examine it. *Id*. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id*.

Where, as in this case, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met. Specifically, it must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party bears the burden "of proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-305 (2d Cir. 1994). A federal court considering the propriety of such a removal should first look to the allegations of the complaint and then to the notice of removal to determine whether the amount in controversy requirement is met. *See Davenport v. Proctor & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957).

B.  The Effects Of New York's Procedural Law On Removal To Federal Court

The Huecas' complaint does not specify the amount of damages they seek, and for good reason: New York law now forbids the inclusion of such an *ad damnum* clause in a personal injury action like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, the complaint generally describes the injuries the Huecas claim to have sustained and alleges only that the resulting damages exceed the relevant jurisdictional limit of the lower courts. *See* Notice Exhibit A ("Verified Complaint") ¶¶ 28, 31-32. That jurisdictional requirement is no more than $25,000. *See* N. Y. Const., art. VI.

The plaintiffs' most specific description of their injuries asserts that Mr. Hueca "was severely and permanently injured and damaged, rendered sick, sore, lame, and disabled." Verified Complaint ¶ 31. Although I can infer from the latter description that the plaintiffs will seek significant monetary damages if they establish liability, I cannot conclude that such damages

2

will necessarily exceed $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See Setlock v. Renwick,* 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-106 (2d Cir. 2001)).

The Notice provides no additional detail about the specific damages sought, offering only the conclusory assertion that, "the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00." Notice ¶ 6. Such a boilerplate statement cannot satisfy the removing party's burden to establish the amount in controversy. *See United Food & Commercial Workers Union*, 30 F.3d at 304-305. As there is no other evidence in the record, Home Depot has not met its burden of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum.

Home Depot is not without recourse. The same state law provision that prohibited the Huecas from including an allegation in their complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Home Depot can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *See Whitaker*, 2004 WL 1574663, *2.

Nor is Home Depot prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice. A defendant must normally file a notice of removal within 30 days of receiving the "initial pleading." 28 U.S.C. § 1446(b). The same

3

subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*; *see Whitaker*, 2004 WL 1574663, *2. Where the response to a supplemental demand under C.P.L.R. §3017(c) asserts damages in excess of $75,000, that response is a "paper" that allows the defendant to seek removal within 30 days. *See Schultz v. Office Depot, Inc.,* 2004 WL 1598829 (W.D.N.Y. July 16, 2004); *Gonzalez v. Rajkumar*, 2005 WL 1593008, *3 (S.D.N.Y. July 6, 2005).

    C.    <u>The Propriety Of Summary Remand</u>

The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts of this case. That result is not only a statutory command, however; it also makes sense. The circumstances of this case demonstrate that summary remand is more equitable and efficient than waiting for the plaintiff to independently seek remand and allowing the case to remain in federal court if the plaintiff takes no such action.

Home Depot's removal in this case has not only overridden the plaintiffs' choice of forum, it has also left them without an attorney who is admitted to practice in the new forum. Even assuming that the Huecas' counsel can and will be admitted to practice in this court *pro hac vice* as a matter of course, such admission will require counsel to pay a fee and to practice in a presumably unfamiliar court, which in turn will require counsel to learn and comply with this court's local rules. The removal thus inevitably places burdens on the Huecas that have nothing

to do with the merits of their claims and that – on the current record – they cannot be compelled to bear. If the plaintiffs do nothing to contest the removal in such circumstances it may be a result of indifference to the removal, but it may also be the result of counsel's lack of familiarity with the federal law that forbids it.

On the other hand, requiring Home Depot to seek supplemental information under state law before attempting to remove the case places no meaningful burden on it that it will not in any event bear. At some point in this litigation, whether it proceeds in this court or another, and whether it settles or proceeds to a judicial disposition, Home Depot will need to find out the extent of the damages that the Huecas claim to have sustained. I decide no more than that it must seek out that information before coming to this court, not after. If it learns that the Huecas seek damages in excess of $75,000, Home Depot may return the case to this court and the Huecas will have to bear the burdens associated with that removal. On the other hand, if it turns out to be the case that the Huecas do not claim more than $75,000 in damages, then the case will properly remain in state court – and this court will not be burdened with overseeing discovery of a dispute that was never properly before it.

Finally, assuming that this case must be summarily remanded, there remains the question whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp.2d 239, 241-44 (E.D.N.Y. 2005).

## Conclusion

For the reasons set forth above, I order that this be case remanded to the Supreme Court of the State of New York, Nassau County.

**SO ORDERED.**

Dated: Central Islip, New York
December 28, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge